IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julien Garcon, # 72742-004, | ) | C/A No. 6:14-72-RMG-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Maureen Cruz, Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

<u>Background</u>

Julien Garcon ("Petitioner"), a federal prisoner proceeding *pro se*, on or about January 6, 2014,[1] filed this action pursuant to 28 U.S.C. § 2241 while he was incarcerated at FCI-Williamsburg in Salters, South Carolina. ECF No. 1 at 40; ECF No. 1-2 at 3. Petitioner alleges that he was convicted by a jury on May 16, 2008, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and he received a 120-month sentence. ECF No. 1 at 2–4. He alleges, among other things, that he received a two-point enhancement pursuant to the sentencing guidelines because the offense involved more than two and less than eight firearms, and he received a two-point enhancement because one firearm was stolen. *Id.* at 4. Petitioner alleges he filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his case on September 30, 2009. *Id.* at 5; *United States v. Garcon*, 349 F. App'x 377 (11th Cir. 2009). He alleges he filed a § 2255 action in June 2010 in the United States District Court for the Southern District of Florida, which court denied him relief, and the appellate court also denied his certificate of appealability. ECF No. 1 at 12.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to district court).

This court takes judicial notice of the following: Petitioner's first § 2255 action was filed on June 7, 2010; an evidentiary hearing was held on April 18, 2012; the magistrate judge entered a Report and Recommendation on April 27, 2012, that the § 2255 action should be denied; the district judge adopted the Report and Recommendation on September 12, 2012; Petitioner filed a Notice of Appeal; on January 31, 2013, the United States Court of Appeals denied a certificate of appealability. *See Garcon v. United States*, No. 1:10-cv-21882-DTKH (S.D. Fla.), ECF No. 1, 93, 95, 109, 110, 118; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Petitioner has continued to attack his conviction and sentence within the § 2255 action by filing motions for reconsideration and motions for relief from judgment, which that district court has denied. *See Garcon v. United States*, No. 1:10-cv-21882-DTKH (S.D. Fla.), ECF No. 119, 120, 122, 123, 124, 126. Most recently, on January 14, 2014, Petitioner filed an amended § 2255 petition seeking to vacate his conviction and sentence, which appears to be pending. *Id.*, ECF No. 134 at 1–55. Therein, he raises grounds for relief similar to the grounds for relief raised in this § 2241 Petition. *Id.*

In the instant action, Petitioner raises a variety of issues and submits copies of affidavits that purport to dispute the factual evidence presented at trial in order to prove that Petitioner did not commit the crime of possession of a firearm by a convicted felon. ECF No. 1-1 at 1–7. This court has reviewed the lengthy § 2241 Petition and exhibits and

has attempted to understand Petitioner's arguments and describe the crux of the Petition herein. He asserts the following: based on several attached affidavits purporting to be newly discovered evidence, actual innocence of being a felon in possession of a firearm because the "sig sauer firearm" was placed in the apartment without his knowledge; his § 2255 action was inadequate because his trial counsel and § 2255 habeas counsel were ineffective for failing to interview Ms. Bellinger; his § 2255 proceeding was inadequate because the district court denied him due process by failing to allow Ms. Bellinger to testify about placing the gun in the residence without Petitioner's knowledge; pursuant to the June 17, 2013, United States Supreme Court decision, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Petitioner's sentence enhancements based on a stolen shotgun and two or more firearms were wrongfully decided by the sentencing court instead of the jury; his § 2255 counsel was ineffective pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because he failed to contend that Petitioner's sentence was wrongfully enhanced, and his direct appeal counsel was also ineffective for failing to raise those arguments. ECF No. 1 at 13–23. Petitioner further asserts: he is actually innocent of the sentencing enhancement for using or possessing a firearm in connection with a felony offense of drug trafficking; he was denied his right to a speedy trial; noncriminal conduct was wrongfully used to enhance his sentence; his sentencing guideline range was 168–210 months when the statutory maximum penalty was 10 years, such that his 120-month sentence violated *Alleyne*; and, his sentence enhancement based on a prior conviction under Florida law of cocaine trafficking was wrongful because that conviction does not qualify as a drug trafficking felony under federal law pursuant to *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013). ECF No. 1 at 25–39. Petitioner contends that he cannot bring a successive § 2255 action

3

raising these issues, so he should be permitted to bring this § 2241 action.  *Id.* at 24, 39–40.

<u>Discussion</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).  As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Petitioner's § 2241 petition should be dismissed because the savings clause contained in § 2255 does not permit him to bring this action.  Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'"  *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted).  Petitioner alleges that he is attacking the validity of his conviction and sentence, and this type of claim should usually

4

be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause that permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

Here, relying on several new cases, Petitioner contends that the savings clause permits him to bring his claims within the § 2241 Petition. However, this court disagrees. Petitioner does not plausibly allege that the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal. *Miller v.*

*United States*, 735 F.3d 141 (4th Cir. 2013), decided after his first § 2255 action, held that in light of a new case, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Miller's conviction of being a felon in possession of a firearm could not stand because he was no longer considered to be a felon based on his prior North Carolina conviction. However, the *Miller* case is not applicable to Petitioner's criminal conduct; he was determined to be a felon based on three prior Florida felony offenses. *See* Report and Recommendation, *Garcon v. United States*, No. 1:10-cv-21882-DTKH (S.D. Fla.), ECF No. 95 at 107–10.

Petitioner also relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), decided after his first § 2255 action, which held that any fact that increases the statutory mandatory minimum is an element that must be submitted to the jury and found beyond a reasonable doubt. It does not appear that Petitioner's statutory mandatory minimum sentence (zero years of imprisonment) was increased by a fact found by a judge. *See* Report and Recommendation, *Garcon v. United States*, No. 1:10-cv-21882-DTKH (S.D. Fla.), ECF No. 95 at 14–16 (explaining that Petitioner's statutory penalty range was a minimum of zero and maximum of ten years imprisonment). Thus, *Alleyne* is not applicable to Petitioner's case. Moreover, it appears that *Alleyne* was not made retroactive to cases on collateral review. *See Smith v. Fed. Bureau of Prisons*, C/A No. 9:13-384-RMG, 2013 WL 3833050, at *4 n.2 (D.S.C. July 23, 2013), *aff'd*, 2013 WL 6135874 (4th Cir. Nov. 22, 2013).

Additionally, Petitioner seems to rely on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to establish a change in the substantive law in his favor. However, the Supreme Court's holding in *Martinez*,

6

> Where, under state law, claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. . . .

is inapplicable to federal convictions. *See McKelvey v. United States*, No. 6:00-cr-00380-GRA-1, 2013 WL 2635886, at *2 (D.S.C. June 12, 2013).

        Petitioner further relies on *Descamps v. United States*, 133 S. Ct. 2276 (2013), to contend that a sentencing enhancement is no longer valid. However, *Descamps* concerned whether the prisoner should have been sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 (e). *Id*. It appears that Petitioner was not sentenced under the ACCA, so *Descamps* is inapplicable. *See, e.g., Hickman v. Williamsburg*, C/A No. 4:13-337-MGL-TER, 2013 WL 6192990, at *1 (D.S.C. Nov. 26, 2013) (dismissing a § 2241 petition that raised *Descamps* as a ground for relief); Report and Recommendation, *Garcon v. United States*, No. 1:10-cv-21882-DTKH (S.D. Fla.), ECF No. 95 at 14–16 (explaining the calculation of Petitioner's sentence). Accordingly, based on the new law cited by Petitioner, the *In re Jones* savings clause element of a change in substantive law related to the conduct of which the prisoner was convicted is not met. His conduct of conviction was criminal then and still is now.

        Additionally, several times in the § 2241 Petition and based on a variety of legal arguments, Petitioner asserts that he should have been sentenced within the sentencing range of 77 to 96 months instead of 120 months. He contends that certain sentencing enhancements under the guidelines were wrongfully applied by the sentencing court. To the extent the crux of this action is construed such that Petitioner is attacking his

sentence, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008); *Giuliano v. Warden*, C/A No. 6:13-311-MBS-KFM, 2013 WL 2470962, at *2 (D.S.C. June 7, 2013), *aff'd*, 415 F. App'x 482 (4th Cir. 2011). Further, the Fourth Circuit Court of Appeals has noted that *Alleyne* is not relevant to an advisory guideline enhancement dispute. *See United States v. Anderson*, No. 12-4433, 2013 WL 3455791, at *8 n.1 (4th Cir. July 10, 2013).

As to Petitioner's allegations based on purported newly discovered evidence that he is factually innocent of being in possession of the firearm, the Petitioner must have the permission of the appropriate court of appeals to file a successive § 2255 motion in the sentencing court based on the alleged new evidence. *See* Title 28 U.S.C. § 2255; 28 U.S.C. § 2244(a). Section 2255(h)(1) provides that a court of appeals may authorize the filing of a successive application if the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." This court is not the appropriate court to consider the attached affidavits.[2]

---

[2] It appears that Petitioner filed similar affidavits in his § 2255 action, and the magistrate judge recommended that habeas relief was not warranted based on the newly discovered evidence. *See* Report and Recommendation, *Garcon v. United States*, No. 1:10-cv-21882-DTKH (S.D. Fla.), ECF No. 95 at 36–40, 105–07. The district judge adopted the Report and Recommendation in full. *See* Order, *Garcon v. United States*, No. 1:10-cv-21882-DTKH (S.D. Fla.), ECF No. 109.

8

Lastly, this court notes that many of Petitioner's contentions seem to have already been raised and rejected in his first § 2255 action.[3]  For example, the sentencing court addressed Petitioner's claim that he was denied effective assistance of counsel due to failure to raise the speedy trial issue.  *See* Report and Recommendation, *Garcon v. United States*, No. 1:10-cv-21882-DTKH (S.D. Fla.), ECF No. 95 at 46–52.  Accordingly, Petitioner's attempt to bring certain claims again in this § 2241 Petition is without basis in law.  *See Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

<u>Recommendation</u>

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**


January 28, 2014                                             s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

---

[3] As previously noted, Petitioner has pending an amended § 2255 Petition wherein he raises grounds for relief similar to the grounds for relief raised in this § 2241 Petition.

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).