IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julien Garcon, # 72742-004, ) | |
| ) | No. 6:14-cv-72-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Maureen Cruz, Warden FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice and without requiring Respondent to file an answer or return. (Dkt. No. 10). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Petitioner filed this petition under 28 U.S.C. § 2241 alleging various reasons why his conviction and sentence for violation of 18 U.S.C. § 922(g) should be vacated or revised. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter was automatically referred to a Magistrate Judge for all pretrial proceedings. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (2012), the Magistrate Judge conducted an initial review of the petition. After a thorough review of the record, the Magistrate Judge issued the present R&R recommending the petition be dismissed without prejudice and without requiring Respondent to file an answer or return. (Dkt. No. 10). Petitioner then filed objections to the R&R. (Dkt. No. 12).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Petitioner's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. (Dkt. No. 10).

Petitioner's objections are unavailing. Petitioner objects to dismissal of this petition because he is actually innocent of the § 922(g) charge on which he was convicted in the Southern District of Florida. However, in order for Petitioner to make this argument in a § 2241 petition, he must first meet the test established in *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000):

> [a] petitioner may not argue the merits of his [actual innocence] claim until he has open[ed] the portal to a § 2241 proceeding by demonstrating that the [§ 2255] savings clause applies to his claim. Only if a petitioner successfully opens the portal will [a court] take the next step and determine if the petitioner can overcome a procedural default by showing actual innocence.

*Fox v. Rivera*, No. 2:07-1277-GRA-RSC, 2007 WL 2746716, at *3 (D.S.C. Sept. 14, 2007) (quoting *Ramiro v. Vasquez*, 210 Fed. App'x 901, 904 (11th Cir. 2006)). Under *Jones*, the "portal" is opened when a petitioner can show:

> (1) at the time of the conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

2

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34. Here, Petitioner cannot establish these elements. Petitioner points to no change in the substantive law such that his prior crimes in Florida would no longer be considered felonies and thereby undermine his § 922(g) conviction.

Finally, Petitioner objects to dismissal of his petition because certain sentencing enhancements were wrongly applied to him. However, a § 2241 petition is not the proper vehicle for Petitioner to challenge sentencing enhancements. "The *In re Jones* test has been specifically construed in this circuit and district in cases involving § 2241 petitions to find that claims of actual innocence of an enhanced sentence . . . are not properly raised through § 2241." *Martinez v. Atkinson*, No. 5:13-cv-559-GRA, 2013 WL 1357643, at *4 (D.S.C. Mar. 11, 2013) (collecting cases); *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.").

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 10).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 28, 2014
Charleston, South Carolina

3